IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **ROBERT A. BLACK, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 3:22-CV-19 (CAR)** |
| **JAMES MADDERDOM and** | : | |
| **JOHN DOES Nos. 1 through 5,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON MOTION TO AMEND COMPLAINT AND ADD PARTY DEFENDANT; MOTION TO JOIN AS PARTY PLAINTIFFS; MOTION TO FILE SUPPLEMENTAL BRIEF; and MOTION TO EXTEND DISCOVERY

Before the Court are the following Motions: Plaintiff Robert A. Black, Jr.'s Motion to Amend Complaint and Add Party Defendant Beasley Creek Partners, LLC ("Beasley Creek") and non-parties Oconee Marketing Group, LLC ("OMG"), AireComm, LLC ("AireComm"), and Rabcomm Services, LLC's ("Rabcomm") Motion to Join as Party Plaintiffs, (collectively, "Motions to Amend"); Defendant James Madderdom's Motion for Leave to File Supplemental Brief; and the parties' Joint Motion to Extend Discovery. Having considered the relevant facts, applicable law, and the parties' arguments, Plaintiff's Motion to Amend Complaint and Add Party Defendant Beasley Creek [Doc. 21] is **GRANTED**; Nonparties' OMG, AireComm, and Rabcomm's Motion to Join as Party Plaintiffs [Doc. 22] is **GRANTED**; Defendant's Motion for Leave to File

1

Supplemental Brief [Doc. 33] is **DENIED**; and the parties' Joint Motion to Extend Discovery [Doc. 31] is **GRANTED**.

Plaintiff is **DIRECTED** to file the proposed Second Amended Complaint as a separate entry on the docket.

The Court **extends the discovery and all other prospective deadlines as set forth in the Scheduling and Discovery Order by 45 days.** Thus, the parties must complete all discovery by October 20, 2023; and must file any dispositive and/or *Daubert* motions by November 20, 2023.

## BACKGROUND

This action arises out of an alleged breach of a purported business partnership in a business entity known as Mammoth Nation, LLC ("Mammoth Nation") between Plaintiff Robert Black and Defendants James Madderdom, Jamie Cowling,[1] and five unidentified individuals. Mammoth Nation is an online shopping platform that features American owned and operated businesses, while also openly supporting politically conservative candidates and causes. Plaintiff contends Defendants effectively stole the Mammoth Nation concept. Plaintiff alleges he and Defendant Madderdom equally owned Mammoth Nation, but Defendants secretly and without Plaintiff's consent, registered Mammoth Nation as a Delaware, LLC; compartmentalized its operations;

---

[1] Plaintiff originally named Jamie Cowling as a Defendant, but the Court dismissed her from suit for lack of personal jurisdiction.

refused to share Mammoth Nation's profits; refused to provide Plaintiff access to Mammoth Nation's accounting and financial records; invited other partners to participate in Mammoth Nation's ownership structure; refused to allow Plaintiff to participate in running Mammoth Nation; and now claim Mammoth Nation belongs solely and exclusively to Defendant Madderdom and his new investors. Plaintiff asserts claims for accounting, breach of fiduciary duty, breach of partnership, fraud, and civil conspiracy.

Plaintiff originally filed suit in the Superior Court of Greene County against Defendants Madderdom, Jamie Cowling, and five John Does. Defendants timely removed the case pursuant to the Court's diversity jurisdiction[2] and seven days later, moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction. In response to Defendants' motion to dismiss, Plaintiff filed an Amended Complaint as a matter of right. The Court found it lacked personal jurisdiction over Defendant Cowling, but it had personal jurisdiction over Defendant Madderdom. Thus, the Court dismissed Defendant Cowling but not Defendant Madderdom. Thereafter, the Scheduling and Discovery Order was entered.

Approximately six weeks after the Scheduling and Discovery Order was entered, defense counsel sent a Rule 11 letter to Plaintiff's counsel informing him that Defendants

---

[2] The Motions to Amend do not affect diversity jurisdiction: Plaintiff Black and OMG, AireComm, and Rabcomm are Georgia citizens, and Defendant Madderdom and Beasley Creek are Wisconsin citizens. *See* proposed Second Amended Complaint [Doc. 21-3, p. 3].

would move for sanctions if Plaintiff did not withdraw his allegedly frivolous Complaint. Defense counsel argued that Plaintiff had failed to include the proper parties in the lawsuit; Plaintiff effectively lacked standing to assert his claims against Defendant Madderdom because Plaintiff alleged that Mammoth is owned by OMG, which in turn is owned wholly by AireComm, which in turn is owned by two other limited liability companies—Rabcomm and Beasley Creek. Thus, defense counsel argued, Plaintiff had no viable claims against Defendant Madderdom individually.

Eleven days after receiving the Rule 11 letter, Plaintiff and OMG, AireComm, and Rabcomm (the "Entities") filed the current Motions to Amend. The Motions seek to add as parties to this suit the various parent and subsidiary business entities that Plaintiff purports comprise Mammoth Nation's ownership structure. Plaintiff alleges that he and Defendant Madderdom are 50-50 owners of Mammoth Nation via their equal ownership and partnership in the affiliated parent entity OMG. OMG, in turn, is owned by AireComm, which Plaintiff and Defendant Madderdom jointly own through their respective single member corporate entities Rabcomm, owned by Plaintiff, and Beasley Creek, owned by Defendant Madderdom. Plaintiff alleges these facts in his Complaint, but he did not originally name any of these business entities as parties to this lawsuit.

The Motions were filed four months before the deadline for discovery expired and a day before the deadline to amend the pleadings or to join parties expired in the Scheduling and Discovery Order. Because the Motions were filed before the deadline to

file motions to amend or join parties expired, the Court analyzes them pursuant to Federal Rule of Civil Procedure 15(a).

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course" when no responsive pleading has been served.[3]  For the purposes of this rule, a motion to dismiss is not considered a responsive pleading.[4] If, however, a responsive pleading has been served and the adverse parties do not consent to the amendment, a party may amend its pleading only by leave of court.[5]  In such circumstances, leave of court should be "freely give[n] when justice so requires."[6]

Substantial reasons justifying a denial of a timely filed motion for leave to amend include "undue delay, bad faith, dilatory motive on the part of the movant, [ ] undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment."[7] The decision whether to grant leave to amend a complaint is within the sound discretion of the district court,[8] and "[o]rdinarily, a party must be

---

[3] Fed. R. Civ. P. 15(a).

[4] *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993); *see also Taylor v. Greene*, 374 F. App'x 949, 950 (11th Cir. 2010); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 1997) ("When the plaintiff has the right to file an amended complaint as a matter of course … the plain language of Rule 15(a) shows that the [district] court lacks the discretion to reject the amended complaint based on its alleged futility.").

[5] Fed. R. Civ. P. 15(a).

[6] *Id.*; *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984).

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).

given at least one opportunity to amend before the district court dismisses the complaint."[9]

Additionally, pursuant to Rule 20, persons may be joined in one action as defendants if the following criteria are met: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."[10]  A motion to amend a complaint to join additional parties also implicates Fed. R. Civ. P. 21. Rule 21 simply states "the court may at any time, on just terms, add or drop a party."[11]  The standard for deciding a motion for leave to add parties under Rule 21 is the same as the standard under Rule 15(a) for a motion seeking leave to file an amended complaint.[12] "As such, '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."'"[13]

---

[9] *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).
[10] Fed. R. Civ. P. 20(a)(1)(A)-(B).
[11] Fed. R. Civ. P. 21.
[12] *Loggerhead Turtle v. County Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998).
[13] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

<u>Motions to Amend</u>

  Defendant Madderdom argues the Court should deny the Motions to Amend because they are the result of undue delay, bad faith, dilatory tactics, and inadvertence. Defendant Madderdom contends if granted, the Motions to Amend "will fundamentally change [Plaintiff's] theory of the case—a theory [Plaintiff] knew or should have known to advance when filed his complaint."[14] The Court is unconvinced.

  Plaintiff and the Entities filed their Motions with nearly four months remaining in the discovery period. Moreover, not only did they file their Motions to Amend based on defense counsel's Rule 11 letter, they did so eleven days after receiving it—well within 21-day safe harbor period.[15] The Eleventh Circuit has explicitly contemplated that a party may amend its pleadings to cure deficiencies identified in a Rule 11 letter, observing that "if the opponent withdraws or properly amends the challenged documents, the proposed Rule 11 motion has served its purpose and cannot be filed."[16] The Court is unpersuaded Defendants will suffer any prejudice. The substantive allegations in the proposed Second Amended Complaint have not changed, discovery is still ongoing, and the Motions were timely filed within the Scheduling and Discovery Order deadline. The allegations in the proposed Second Amended Complaint are related, as they all arise from the purported

---

[14] Doc. 24, p. 2.
[15] Fed. R. Civ. 11(c)(2).
[16] *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F. 4th 1342, 1346 (11th Cir. 2022).

actions of Defendant Madderdom or his company Beasley Creek in allegedly seizing control of the Mammoth Nation concept. Thus, the Motions to Amend are GRANTED. Plaintiff is DIRECTED to file the Second Amended Complaint as a separate entry on the docket.

Motion to File Sur-Reply Brief

Defendant seeks to file a sur-reply brief regarding Plaintiff's Motion to Amend purportedly to show "new evidence of Plaintiff's bad faith, undue delay, and dilatory tactics[.]"[17] Plaintiff opposes the Motion as untimely because it was filed three months after Plaintiff and the Entities submitted their Reply brief. The Court agrees the Motion is untimely. Under Local Rule 7.3.1, "[s]ur-reply briefs are not favored," and "[a] party desiring to file a sur-reply brief must move in writing for permission to do so within fourteen (14) days of the filing of the brief to which reply is desired. . . . The proposed sur-reply brief shall not accompany the motion and no response to the motion by the opposing party shall be allowed." Not only did Defendant file the motion more than two months late, but he also improperly attached the brief. Thus, the Court DENIES Defendant's Motion to File a Supplemental Brief.

Joint Motion to Extend Discovery

The Court GRANTS the parties' Joint Motion to Extend Discovery. The discovery and all other prospective deadlines as set forth in the Scheduling and Discovery Order

---

[17] Doc. 33, p. 1.

are hereby extended by 45 days. Thus, the parties must complete all discovery by October 20, 2023; and must file any dispositive and/or *Daubert* motions by November 20, 2023.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend Complaint and Add Party Defendant Beasley Creek [Doc. 21] is **GRANTED**; Nonparties' OMG, AireComm, and Rabcomm's Motion to Join as Party Plaintiffs [Doc. 22] is **GRANTED**; Defendant's Motion for Leave to File Supplemental Brief [Doc. 33] is **DENIED**; and the parties' Joint Motion to Extend Discovery [Doc. 31] is **GRANTED**.

Plaintiff is **DIRECTED** to file the proposed Second Amended Complaint as a separate entry on the docket.

The Court **extends the discovery and all other prospective deadlines as set forth in the Scheduling and Discovery Order by 45 days.** Thus, the parties must complete all discovery by October 20, 2023; and must file any dispositive and/or *Daubert* motions by November 20, 2023.

**SO ORDERED,** this 6th day of September, 2023.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT